(No. 19953.—

THE PEOPLE *ex rel.* John Laux, Petitioner, *vs.* THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CHICAGO, Respondent.

*Opinion filed December 20, 1929.*

WILLIAM F. STRUCKMANN, for petitioner.

CASE & NIEMEYER, (CHARLES CENTER CASE, of counsel,) for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

There was filed at the last October term of this court, leave being granted, an original petition for *mandamus* to compel the board of election commissioners of the city of Chicago to print on the official ballots to be used at an election to be held in the county of Cook on November 5, 1929, in the Democratic column, the name of Daniel P. Trude as candidate for judge of the circuit court of Cook county to fill the vacancy caused by the resignation of Honorable John A. Swanson, and in the same column the name

of Phillip J. Finnegan, a candidate for judge of the circuit court of Cook county to fill the vacancy caused by the death of Honorable Victor P. Arnold, and to print in the Republican column the name of Edgar A. Jonas as candidate for judge of the circuit court of Cook county to fill the vacancy caused by the resignation of Honorable John A. Swanson, and in the same column the name of George A. Curran as candidate for judge of the circuit court of Cook county to fill the vacancy caused by the death of Honorable Victor P. Arnold. The petition also seeks to compel that board to print in the Non-Coalition column the name of Frank A. McDonnell as a candidate for judge of the circuit court of Cook county to fill the vacancy caused by the resignation of Honorable John A. Swanson. A demurrer was filed to the petition. As the election at which the persons named as candidates was to be held on November 5 following, an emergency existed necessitating an early decision. The cause was considered and the writ awarded at the October, 1929, term. This opinion is filed pursuant to that decision and to the statute in such case made and provided.

The averments of the petition which are admitted by the demurrer are in substance as follows: On the first day of December, 1928, Honorable John A. Swanson resigned as judge of the circuit court of Cook county, thereby causing a vacancy to exist, which at the time of the filing of the petition still existed. On the third day of May, 1929, Honorable Victor P. Arnold, judge of the circuit court of Cook county, died. Another vacancy was thus caused in the office of judge of the circuit court of Cook county, which vacancy existed at the time of the filing of the petition. On the 17th day of August, 1929, Honorable Louis L. Emmerson, Governor, issued two writs of election directed to the county clerk of Cook county, one reciting the vacancy caused by the resignation of Honorable John A. Swanson and commanding the county clerk to cause a spe-

cial election to be held to fill such vacancy on the fifth day of November, 1929, and the other reciting that a vacancy existed in the circuit court of Cook county by reason of the death of Honorable Victor P. Arnold and commanding the county clerk to cause a special election to be held in the county of Cook on the fifth day of November, 1929, to fill such vacancy. The petition alleges that there are in Cook county two political parties, the Democratic party and the Republican party. The Democratic party, in manner and form and within the time required by the statute, filed with the Secretary of State nomination papers certifying to the nomination of Daniel P. Trude as its candidate for judge of the circuit court of Cook county at the election on November 5 to fill the vacancy caused by the resignation of Honorable John A. Swanson. It also filed with the Secretary of State nomination papers certifying to the nomination of Phillip J. Finnegan as candidate for judge of the circuit court of Cook county at the election on November 5 to fill the vacancy caused by the death of Honorable Victor P. Arnold. The petition further alleges that the Republican party, in manner and form and within the time required by statute, filed with the Secretary of State nomination papers by which it certified to the nomination of George A. Curran as candidate of that party for judge of the circuit court of Cook county at the November 5 election to fill the vacancy caused by the death of the Honorable Victor P. Arnold, and nomination papers by which it certified to the nomination of Edgar A. Jonas as candidate for judge of the circuit court at the November 5 election to fill the vacancy caused by the resignation of Honorable John A. Swanson. The petition also recites that Frank A. McDonnell became a candidate of the Non-Coalition party by petition to fill the vacancy caused by the resignation of Honorable John A. Swanson. As his interests are not in any way affected by this proceeding no further reference need be made to his nomination.

The petition recites that the board of election commissioners are about to print the official ballots to be used at the said election in the city of Chicago in the following manner: Below the circle at the top of the Democratic column they propose to print the names of both Daniel P. Trude and Phillip J. Finnegan under a single heading worded, "For judges of the circuit court to fill vacancies caused by resignation of Honorable John A. Swanson and death of Honorable Victor P. Arnold (two to be elected)," and that the ballots were to be printed in the same manner as to the Republican and Non-Coalition candidates. The petition avers that the county clerk, within the time required by law, filed with the board of election commissioners a certificate of all nominations made for the office of judge of the circuit court of Cook county to fill the vacancies, and by it set out the form of the ballot to be used in accordance with the certificate received from the Secretary of State, which shows that the Democratic party nominated Phillip J. Finnegan to fill the vacancy caused by the death of Honorable Victor P. Arnold and Daniel P. Trude to fill the vacancy caused by the resignation of Honorable John A. Swanson; and that in the same manner the Republican party nominated Edgar A. Jonas to fill the vacancy caused by the resignation of Honorable John A. Swanson and George A. Curran to fill the vacancy caused by the death of Honorable Victor P. Arnold. The petitioner avers that it was the duty of the board of election commissioners to so print the ballots as to show the two candidates of the respective parties were candidates to fill the respective vacancies as shown by the writs of election issued by the Governor and the certificates of the party conventions and of the Secretary of State. The petition alleges that if the ballots be printed in one way by the county clerk and in another way by the board of election commissioners great confusion will result.

Counsel for the respondent take the position that while two writs of election were issued by the Governor, each calling a special election for November 5, and two certificates of nomination issued by each of the party conventions and also so issued by the Secretary of State, such an election is nevertheless one election as there is but one office to be filled. They argue that considerations of public policy dictate that an opportunity be given to the voters to choose from among all of the candidates whom they will to fill these two vacancies.

This is a petition to require the performance of a ministerial act. As we view it, the question as to the best method of making these nominations does not arise here. Section 6 of the Judicial Nominations act of 1929 (Laws of 1929, p. 406,) provides as follows: "All such nominations made by such conventions shall, at least forty-five (45) days before the date of the election, be duly certified to the Secretary of State by the presiding officer thereof, attested by the secretary of such convention, and when certified, shall be placed upon the official ballot to be voted for at said election. Not less than thirty-five (35) days before said election, the Secretary of State shall certify to the county clerk of each county within which the electors may by law vote for such candidates as may be nominated hereunder, the name of the person or persons nominated for such office as shown by the certificate of such presiding officer and secretary on file in his office; and where, by law, it is made the duty of any board of election commissioners to print the ballots for such election, the said county clerk of the county in which such board of election commissioners is located, shall, not less than thirty (30) days before the election, certify to said board of election commissioners the name of the person or persons nominated for such office as shown by the said certificate of the Secretary of State."

In the matter of printing ballots the county clerk and board of election commissioners are ministerial officers. By section 6 of the Judicial Nominations act the Secretary of State is required to certify to the county clerk, thirty-five days before the election, the name of the person or persons nominated for such office, "as shown by the certificate of such presiding officer and secretary [of the nominating convention] on file in his office." In cities having a board of election commissioners it is required that the county clerk, not less than thirty days before the election, certify to the board of election commissioners the names of the candidates nominated for such office, "as shown by said certificate of the Secretary of State." In this case the certificate of the nominating convention of the Democratic party showed that it had nominated Daniel P. Trude as its candidate to fill the vacancy caused by the resignation of the Honorable John A. Swanson and that it had nominated Phillip J. Finnegan as its candidate to fill the vacancy caused by the death of Honorable Victor P. Arnold. The certificate of nomination filed by the Republican convention showed that it had nominated Edgar A. Jonas as its candidate to fill the vacancy caused by the resignation of Honorable John A. Swanson and George A. Curran as its candidate to fill the vacancy caused by the death of Honorable Victor P. Arnold. As the Secretary of State is required, under section 6 of the Judicial Nominations act, to certify to the county clerk the names of the candidates as shown by the certificate of the presiding officer and secretary of the nominating convention on file in his office, it is to be presumed that he certified them in the form in which they were certified to him by the conventions of the two parties. It being the duty of the county clerk to certify to the board of election commissioners the names of such candidates as shown by the certificate of the Secretary of State it became his duty to certify such names to the board of election commissioners, as they were nomi-

nated by the conventions. That board, as ministerial officers, are required, under that act, to print the ballots as certified. The question whether the Democratic and Republican parties had a right to file the character of certificates filed by them with the Secretary of State does not arise in this case. It was the duty of the county clerk and the board of election commissioners to print the ballots in a manner consistent with the certificates of the nominating conventions and the Secretary of State.

The writ is awarded. *Writ awarded.*